**[J-98-2018] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

IN RE: PETITION FOR ENFORCEMENT : No. 35 EAP 2016
OF SUBPOENAS ISSUED BY THE :
HEARING EXAMINER IN A : Appeal from the Order of the
PROCEEDING BEFORE THE BOARD : Commonwealth Court entered on
OF MEDICINE : September 1, 2016, at No. 373 M.D.
: 2016, granting the Petition to Enforce
: Subpoenas.
:
APPEAL OF: M.R. :
: ARGUED: December 5, 2018

**CONCURRING OPINION**

**JUSTICE MUNDY**                      **DECIDED: August 20, 2019**

I join the majority opinion, because I agree that the record before us lacks any final order to form the basis of the Commonwealth Court's appellate jurisdiction. However, I also believe that the broader impact of this Court's decision in this case will ideally be of limited applicability, constrained by the particular facts before us.

I write separately to make an additional observation concerning the Commonwealth Court's original jurisdiction and the majority's discussion of whether the Commonwealth, acting through the Department of State's Bureau of Professional and Occupational Affairs (Bureau) or the Professional Compliance Office of the Pennsylvania State Board of Medicine (Board), is an indispensable party. The majority explains that the Bureau is not an indispensable party in this case because, although it participated in the proceedings, the issues it raised in opposition to enforcement of the subpoenas primarily concern M.R.'s interests, and that any independent interest of the Bureau or the Board is attenuated at best. Majority Opinion, *slip op.* at 12. I believe this is a closer question than is apparent from the majority's discussion.

Intertwined in the arguments addressing M.R.'s privacy rights and the validity of the subpoenas, is a question regarding the relevance of the materials sought to the underlying disciplinary action against Dr. DeMichele. The Commonwealth Court, in fashioning its order enforcing the subpoenas in this case, recognized as much when it implemented a procedure to limit disclosure of the records sought, in order to assure, in part, "that the records are particularly relevant to Dr. DeMichele's defense." Cmwlth. Ct. Op. at 35. Clearly, for any challenge to the issuance or enforcement of the subpoenas on the ground of relevance, an interest of the Bureau would be implicated, making it an indispensable party under the test relied on by the majority. *See CRY, Inc. v. Mill Serv., Inc.*, 640 A.2d 372, 377-78 (Pa. 1994).

In this case, the Bureau did not object to the subpoenas when issued by the Hearing Examiner, or at any time prior to Dr. DeMichele filing her Petition to Enforce Subpoenas with the Commonwealth Court. Thus, at the time Dr. DeMichele filed her petition, an interest of the Commonwealth had not been placed in contention, and the Commonwealth Court's original jurisdiction was not triggered. Accordingly, under the particular facts of this case, I agree with the majority that the Commonwealth Court lacked original or appellate jurisdiction to address Dr. DeMichele's Petition to Enforce Subpoenas.